UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER CHARLES ALBA,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05618-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds defendant's decision to deny benefits should be affirmed.

### FACTUAL AND PROCEDURAL HISTORY

    On September 19, 2013, plaintiff filed an application for SSI benefits, alleging he became disabled beginning December 1, 2007. Dkt. 7, Administrative Record (AR) 11. That application was denied on initial administrative review and on reconsideration. *Id.*

    A hearing was held before an Administrative Law Judge (ALJ), at which plaintiff appeared and testified, as did a vocational expert. AR 30-64. In a written decision dated January 30, 2015, the ALJ found that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 11-25. On May 11, 2016, the

ORDER - 1

Appeals Council denied plaintiff's request for review of that decision, making it the Commissioner's final decision, which plaintiff then appealed in a complaint filed with this Court on July 12, 2016. AR 1; Dkt. 1; 20 C.F.R. § 416.1481.

Plaintiff seeks reversal of the ALJ's decision, arguing the ALJ erred in rejecting the opinion of John Haroian, Ph.D. For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and thus finds the decision to deny benefits should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one

ORDER - 2

rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

ORDER - 3

the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

With respect to the opinion of Dr. Haroian, the ALJ found:

> In June 2013, psychological examiner Dr. Haroian opined that the claimant had mild or no limitations in his abilities to understand and persist with instructions, whether simple or detailed. He opined that the claimant had moderate limitations in his abilities to plan independently, to ask simple questions, to be aware of normal hazards, to make simple decisions, to perform routine tasks, to learn new tasks, or to maintain regular attendance. He opined that the claimant had marked limitations in his abilities to maintain appropriate behavior, to adapt to changes in routine, to communicate effectively in a work setting, or to complete a normal workday without psychological interruption. I give minimal weight to Dr. Haroian's opinion, except to agree that the claimant has minimal impairment in his ability to persist with at least unskilled work activity. Dr. Haroian gave no expressed basis for his multifaceted assessment of psychological disability. During Dr. Haroian's state agency psychological evaluation in June 2013, the claimant

ORDER - 4

> demonstrated appropriate hygiene, fair eye contact, generally normal speech, normal thought process, normal memory, and normal concentration. He engaged appropriately with Dr. Haroian. He performed "serial 7" subtractions without error. His performance on mental status testing otherwise indicated a lack of cognitive impairment. Given the disparity between his opinions and his objective findings, Dr. Haroian appears to have relied solely on the claimant's subjective reporting of symptoms and limitations. As discussed in this decision, I find that the claimant has limited credibility regarding the debilitating severity of his symptoms and limitations. Dr. Haroian's opinions are otherwise inconsistent with the claimant's activities and longitudinal psychological findings . . .

AR 22-23 (internal citations omitted). Plaintiff argues none of the reasons the ALJ gave for not giving Dr. Haroian's opinion greater weight were proper. The Court disagrees.

First, as the ALJ notes Dr. Haroian did not offer any basis for the functional limitations he assessed. AR 451. Plaintiff points to the findings contained in the mental status examination Dr. Haroian performed, but as the ALJ again notes those findings were largely normal. AR 452-53; *Batson*, 359 F.3d at 1195 (the ALJ need not accept opinion of even a treating physician if it is inadequately supported by clinical findings). For the same reason – i.e., the disparity between Dr. Haroian's objective findings and the limitations he assessed – the ALJ also was not remiss in assuming Dr. Haroian relied solely on plaintiff's subjective reporting. Given that plaintiff has not challenged the ALJ's adverse credibility determination, this too was a valid basis for discounting Dr. Haroian's opinion. *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) ("A physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'") (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989)).

Plaintiff also takes issue with the ALJ's statement that Dr. Haroian's opinion is otherwise inconsistent with plaintiff's activities and longitudinal psychological findings. However, plaintiff has not specifically challenged the ALJ's rejection of the other medical evidence in the record

ORDER - 5

concerning plaintiff's mental impairments indicative of greater functional limitations. *See* AR 18-24. Further, even if it may be true that the evidence in the record does not necessarily show plaintiff's activities are inconsistent with the limitations Dr. Haroian assessed, as just discussed, the ALJ still provided valid reasons for rejecting those limitations. Accordingly, the Court finds plaintiff has not established reversible error on the part of the ALJ here.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

DATED this 5th day of January, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 6